### CONNECTICUT IMPORTING CO. v. PERKINS, Secretary of Labor, et al.

### No. 340.

District Court, D. Connecticut.
Oct. 4, 1940.

Arthur Klein, of New Haven, Conn., for plaintiff.

George A. McNulty, Gen. Counsel, and Irving J. Levy, Asst. Gen. Counsel, both of Washington, D. C., Walter C. Bryan, Regional Atty., and Irving Rozen, Senior Atty., both of New York City, and Robert P. Butler, U. S. Atty., of Hartford, Conn., for defendants.

HINCKS, District Judge.

This is an action brought by a wholesale liquor dealer for a judgment to determine whether or not its employees are engaged in interstate commerce as defined in the Fair Labor Standards Act of 1938, 29 U.S. C.A. § 201 et seq. The defendants are Madam Perkins, Secretary of Labor, Philip B. Fleming, Administrator of the Wage and Hour Division of the Department of Labor, Cornelius J. Danaher, Commissioner of Labor of the State of Connecticut, and his Deputy, Morgan Mooney, and Robert P. Butler, United States Attorney for the District of Connecticut.

The complaint alleges that the Administrator heretofore issued "Interpretive Bulletin No. 5" wherein he states, inter alia, "It is our opinion that wholesalers purchasing their goods from outside the State (as does the plaintiff here) should comply with the provisions of the Act", and that employees engaged in connection with sales of goods purchased outside the State and shipped direct to customers of the wholesaler within the State and also employees

416

engaged in connection with sales of goods shipped to the wholesaler from without the State after the goods have already been re-sold to or ordered by customers within the State, are an essential part of the stream of interstate commerce and are included in the phrase "engaged in commerce."

The complaint further alleges that the defendants through their agents have in-vestigated the plaintiff's business and no-tified the plaintiff that it is engaged in in-terstate commerce and hence liable for all penalties, etc., provided by the act. The complaint concludes with the allegation that the plaintiff, though not amenable to the act, because of doubt in the premises and "because of the threats made by the de-fendants through their agents," as just above set forth, is compelled to its injury to comply with the act.

The matter is before the court upon a motion to dismiss.

As to the defendants Perkins and Flem-ing, the motion must be granted. This the plaintiff concedes because these defendants were never served with process within this District.

▮▮▮ I think the motion must be granted also with respect to the defendants Danaher and Mooney. It is true that the act pro-vides expressly, Section 11, 29 U.S.C.A. § 211, that the Administrator may "utilize the services of State and local agencies and their employees." I assume therefore that these defendants may have had legal au-thority from the Administrator to investi-gate the plaintiff's business. But I cannot assume that these defendants have any power to prosecute for violations of the act. Section 4 of the Act, 29 U.S.C.A. § 204, provides that "attorneys appointed under this section may appear for and represent the Administrator in any litigation, but all such litigation shall be subject to the di-rection and control of the Attorney Gener-al." Surely it is wholly clear that this pro-vision confers no power or duty upon the attorneys of the Administrator to institute and prosecute criminal prosecutions in the name of the United States. Apparently the brunt of prosecution must rest on the Dis-trict Attorney as a part of his general du-ties, 28 U.S.C.A. § 485, except in so far as the Attorney General by special direction shall entrust the task to other attorneys, appointees of his office, agreeable to stat-ute. 5 U.S.C.A. § 310. Since thus the de-fendants Danaher and Mooney lack author-ity to prosecute and thereby work what

the plaintiff conceives to be an invasion of its private rights, as to Danaher and Moon-ey the complaint states no justiciable con-troversy.

▮▮ With respect to the defendant But-ler, the case stands on a somewhat differ-ent ground. For as pointed out, this de-fendant by virtue of his office is indeed charged with the duty of prosecution. We must look to the allegations of the com-plaint to determine whether a justiciable controversy between the plaintiff and this defendant is sufficiently alleged.

I consider that the allegations as to the existence and contents of the Administra-tor's "Interpretive Bulletin" is an inade-quate allegation of actual controversy. The bulletin is nothing but a statement of legal opinion by the Administrator; it is not binding on the District Attorney who is a high officer of the United States, whose appointment by the President has been confirmed by the Senate. Under his oath, his course of duty under the law must be determined in the first instance according to his own conscience and judgment and not by the opinions of others, even collab-orators in the federal service.

Nor can I find in the complaint unequivo-cal allegation that the District Attorney has threatened to prosecute the plaintiff, or in-deed has taken any definite position in the premises. The allegation of the "threats made by the defendants through their agents" may be referable only to the de-fendants other than the District Attorney. Indeed, it scarcely seems applicable to the District Attorney for I know of no authority under the law for the District Attorney to employ "agents". And so, as the complaint stands, even with its amendment, the motion to dismiss must be granted as to the defend-ant Butler also.

▮▮ However, on brief, the plaintiff asks opportunity to amplify its allegations with respect to the "threats" made by the de-fendants should it be deemed that these al-legations as they now stand are insufficient. I think before the motion is granted and the complaint is wholly dismissed, the plain-tiff should have this limited opportunity of amendment. For if indeed there is here an actual controversy, I incline to the view that the case is a proper one for a declara-tion. It would be premature to hold that the presence as a party of the District At-torney will make any declaration entered herein binding on the United States; quite

clearly an injunction restraining the District Attorney from the prosecution would not as a matter of law preclude the Attorney General from prosecuting through other officers. Nevertheless, it would seem that such remedy as the plaintiff is entitled to at the hands of this court should not be withheld solely because it is not complete.

It is accordingly ordered that the motion be granted with respect to all defendants except Butler; and that the plaintiff may have ten days within which to file an amendment showing, if it can consistently with the facts, the existence of justiciable controversy with the defendant Butler. Failing the filing of any amendment, the motion will be deemed granted as to Butler also. If the amendment is filed, either party may apply for hearing, but in the absence of an application for further hearing, the motion will be deemed fully submitted, and in all respects ready for ruling.